*136*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 11 1998

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MISSOURI PACIFIC RAILROAD COMPANY, et al., | § § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. B-97-018 |
| PHILLIPS PROPERTIES, INC., et al., | § § § | |
| Defendants. | § | |

### CONFIDENTIALITY ORDER

The Court, having heard and considered the evidence and the arguments of counsel, finds and concludes that some of the information and documents produced in discovery in these matters may contain proprietary information, sensitive business information, trade secrets, or confidential information, or may lead to confidential information, or otherwise be subject to misuse by other persons or parties (such information and documents are herein designated as "Confidential Information"). The Court further concludes that this Confidential Information should be kept confidential and therefore orders the entry of this Confidentiality Order protecting and limiting the use of any Confidential Information disclosed in discovery.

IT IS HEREBY ORDERED THAT:

1. All Confidential Information designated as confidential shall become subject to the terms of this Order.

2. **Designating Information As Confidential.** From the date of this Order to the conclusion of this action, any party or person claiming an interest in Confidential

Information produced or disclosed in the course of these actions may designate it as such; whether the information is contained in a document, revealed during testimony at a deposition or hearing, revealed in answers to interrogatories, or disclosed in other papers filed with the Court or served in this action. To designate a document as Confidential Information, the designating party must ensure that the term **"Confidential"** prominently appears on those pages or portions of the document intended to be so designated. Additionally, to the extent feasible, all documents or certain portions sought to be designated "Confidential" should bear the following legend: *"SUBJECT TO CONFIDENTIALITY ORDER IN CIVIL ACTION NO. B-97-018; MISSOURI PACIFIC RAILROAD, ET AL. VS. PHILLIPS PROPERTIES, INC., ET AL.; IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION."* In a multiple-page document, unless otherwise indicated on the document itself, all pages are deemed to be confidential if the appropriate legend, or its substantial equivalent, appears on the first page of the document.

3. **Non-Disclosure of Information Designated Confidential.** Information designated "Confidential" shall not be disclosed to any person, except as authorized by this Order or by the written consent of the party or other person who originally designated the information as confidential.

4. **Permissible Use of Information Designated Confidential.** Information designated "Confidential" may be used solely in the preparation and trial of the above-referenced cause and in Cause No. C-4568-95-D, *Timely Adventures, Inc., et al. vs. Difco, Inc., et al.*; Cause No. C-4597-92-E, *Timely Adventures, Inc., et al. vs Phillips*

2

*Properties, Inc., et al.*; Cause No. C-4570-95-F, *First National Bank f/k/a First National Bank Edinburg vs. Phillips Properties, Inc., et al.*; Cause No. C-4566-95-B, *Ernesto A. Garza, et al. vs. Phillips Properties, Inc., el al.*; all pending in the 93rd Judicial District Court, Hidalgo County, Texas (herein referred to as the "State Court actions"), and not by anyone for any business or other purpose whatsoever.

5. **Permissible Disclosures of Information Designated Confidential.** Information designated "Confidential" may be disclosed only to the following:

(a) The individual parties, their employees and agents;

(b) The parties' insurance company or companies who have responsibility for assisting counsel in the preparation and evaluation of the litigation;

(c) The Court and court officials involved in these cases (including court reporters and persons operating video recording equipment at depositions);

(d) Defendants' in-house counsel, including their secretaries, legal assistants, and clerical and support personnel working with or under the supervision of in-house counsel to the extent reasonably necessary to render professional services in these actions;

(e) The parties' counsel in this action, including their partners, associates, secretaries, legal assistants, clerical staff, and employees working with or under the supervision of outside counsel to the extent reasonably necessary to render professional services in these actions;

(f) Contract or temporary personnel engaged by and working under the

3

supervision of the parties' counsel to the extent reasonably necessary to render professional services in these actions;

(g)  Consultants or experts retained by the parties for the purposes of testifying or assisting in the preparation of these cases for trial;

(h)  Personnel of graphics or litigation support firms engaged by the parties or their attorneys; and

(i)  Witnesses, other than consultants or experts, testifying at trial or deposition; and

(j)  Such additional categories of persons as agreed to by all parties in writing.

6.  **Acknowledgement of this Order.**  Prior to the disclosure of any materials subject to this Confidentiality Order by a party to any third-party, such third-party shall be furnished with a copy of this Confidentiality Order and shall agree to comply with its provisions by execution of same.  The execution of a copy of this Order shall constitute a representation that the signatory and all persons in or regularly employed by the signatory shall observe this Order.

7.  **Further Permissible Disclosures of Information Designated Confidential.**  Any designating party may disclose information designated solely by it as "Confidential" to its employees, former employees, in-house or outside counsel, witnesses, or experts without waiving such party's rights under this Order.  Any receiving party may disclose such information to any employees, witnesses, or experts of the designating party, as well as to former employees of the designating party, provided such former employees authored or received the information.

4

8. **Declassification.** In the event that any party disagrees with the "Confidential" designation of any information or documents, the parties will first attempt to resolve the dispute informally. If they are unsuccessful, however, the objecting party may apply to the Court for a ruling that a document or category of documents designated "Confidential" is not entitled to that status and protection. The designating party shall be given notice of the application and an opportunity to respond.

9. **Use of Confidential Information in Court Proceedings.** Subject to the Federal Rules of Evidence, information designated "Confidential" under this Order may be offered in evidence at trial, deposition, any court hearing, or in connection with a motion, response, or any other pleading filed with the court. Any party may move that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as "Confidential" and, if so, what protection should be afforded that information.

10. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to disclosure or discovery it believes to be otherwise improper. In particular, nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, any additional protection for any information, document, or thing as the party may consider appropriate under the circumstances.

11. **Filing.** Materials designated "Confidential," if filed, shall be filed under seal and shall remain sealed while in the office of the Clerk for so long as they retain their

5

confidential status. The confidential nature of this information clearly outweighs any probable adverse effect that sealing these documents will have upon the general public health or safety.

12. **Non-Termination.** This Order shall not terminate at the conclusion of this action. Within sixty (60) days after conclusion of a parties' involvement in this case and/or its involvement in the State Court actions, all documents and copies of documents designated "Confidential," as well as summaries thereof, shall be returned to the party or person that produced the documents, or in the alternative, shall be shredded and destroyed. Written confirmation that the Confidential Information has been destroyed shall be provided to the designating party if so requested.

13. **Purpose and scope of Order.** This Order is intended to facilitate efficient litigation between the parties; it is not intended to alter resolution of any substantive issues or to affect the parties' substantive rights.

**SO ORDERED.**

Dated this __11__ day of __DEC_____, 1998.

_____
United States ~~District~~ Judge
MAGISTRATE

# AGREEMENT OF CONFIDENTIALITY

NAME: _____

TITLE: _____

ADDRESS: _____

_____

_____

I hereby certify that I have read the Court's Confidentiality Order entered on the _____ day of _____, 1998, and I am familiar with its terms. I understand that in the course of my activities in connection with this case I will or may have occasion to examine or inspect documents or things which are claimed by one or more of the litigants to be confidential and of a proprietary nature. I therefore consent and agree to be bound by and comply with all the terms and prohibitions of the Confidentiality Order.

_____
SIGNATURE

DATED: _____

ClibPDF - www.fastio.com