United States District Court
Southern District of Texas
ENTERED

JAN 27 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MISSOURI PACIFIC RAILROAD COMPANY, ET AL. | § § § | |
| VS. | § | CIVIL ACTION NO. B-97-018 |
| PHILLIPS PROPERTIES, INC., ET AL. | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court are the following Motions:

1. Phillips Properties, Inc.'s Motion to Dismiss for Failure to State a Cause of Action. (Docket No. 192-2).

2. Missouri Pacific Railroad Co. d/b/a Union Pacific Railroad Company's and Missouri Improvement Company's Motion to Dismiss Fritts Limited Partnership, Geraldean Brown Fritts, Brownies Oil Company, Brownies Service Station, Brownies Premier Service Station # 5, Roy Schapira and Spurgeon Brown without prejudice. (Docket No. 197-1).

3. Missouri Pacific Railroad Co. d/b/a Union Pacific Railroad Company's and Missouri Improvement Company's Motion to Dismiss Canadian OXY Offshore Production Company, successor in interest to Cities Service Company, Diamond Shamrock, Inc. and Valley Petroleum, Inc. without prejudice (Docket No. 198-1)

4. Missouri Pacific Railroad Co. d/b/a Union Pacific Railroad Company's and Missouri Improvement Company's Motion to Dismiss Phillip Properties, Inc., Phillips Properties, Inc., as Successor in Interest to Best Inc., Fred P. Phillips, Jr., F.P. Phillips, Jr., Inc., Fritts Limited Partnership, Geraldean Brown Fritts, Brownies Oil Company, Brownies Service Station, Brownies

Premier Service Station #5, Roy Schapira, Spurgeon Brown, Canadian OXY Offshore Production Company, as Successor in Interest to Cities Service Company, Diamond Shamrock, Inc., Valley Petroleum, Inc., Conoco, Inc., Gulf Oil Corporation, Chevron U.S.A., Inc. as Successor in Interest to Gulf Oil Corp., Gilmore-Gross Oil Co., Donald G. Hartshorn, and Texaco, Inc. without prejudice. (Docket No. 210).

## BACKGROUND

The Original Complaint in this case (Docket No. 1) was filed on January 31, 1997, by Missouri Pacific Railroad Company d/b/a Union Pacific Railroad Company and Missouri Improvement Company ("Missouri Pacific") against more than thirty Defendants. Missouri Pacific alleged in its Complaint (Paragraph 37) that Defendants had contaminated its property. This subsurface contamination, according to Missouri Pacific, came from two sources. Some Defendants occupied Missouri Pacific's property as lessees. Their activities resulted in direct contamination. Other Defendants were adjacent or nearby landowners whose activities resulted in contamination. All the Defendants were engaged in the petroleum business in some fashion.

From statements made during the various hearings in this case, it is clear that Missouri Pacific filed this case after the State of Texas began an environmental study of the area in question. Missouri Pacific sued to protect itself from a limitations defense in the event the State attempted to impose clean up costs against Missouri Pacific.

As the case progressed, Missouri Pacific filed Agreed Motions to Dismiss Without Prejudice against most of the Defendants. These Motions were granted.

This Report and Recommendation addresses three Opposed Motions to Dismiss Without Prejudice, (Dockets Nos. 197-1, 198-1 and 210-1). The resolution of these Motions is dispositive

2

of the entire case.

## RECOMMENDATION

Fed. R. Civ. P. 41(a) governs voluntary dismissals. Subdivision (a)(2) states in relevant part "...an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

The granting of a motion to dismiss without prejudice is within the sound discretion of the trial court. *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). The principal factor to consider is whether or not the defendant will be prejudiced by the dismissal without prejudice. *Jones v. Securities & Exchange Commission*, 298 U.S. 1, 19-21 (1936).

Courts which have addressed the question of what constitutes prejudice have applied factors such as excessive delay, lack of diligence on the part of the plaintiff, and effort and expense in preparing for trial. *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993); *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 282-284 (2nd Cir. 1996); *Holiday Queen Land Corporation v. Baker*, 489 F.2d 1031 (5th Cir. 1974).

As Missouri Pacific points out in Plaintiffs' Brief in Support of Motion for Dismissal Without Prejudice, or in the Alternative, Notice of Withdrawal of Motion to Dismiss (Docket No. 223), this case involves claims for damages which are at this time unknown because the State of Texas' examination into the contamination and its causes is incomplete.

Texaco's position with respect to a dismissal without prejudice is set forth in a status report dated December 15, 1999. (This report is filed on the correspondence side of file folder No. 9). Texaco's objection is that it has incurred considerable expense defending a case which it characterizes as without merit. Texaco argues that Missouri Pacific's strategy is to dismiss this

3

case and wait for the results of the state regulatory agency's investigation. Missouri Pacific in its Brief in Support of Motion to Dismiss Without Prejudice (Docket No. 223) essentially concedes this point.

Initially, the undersigned was of the view that this case should be dismissed with prejudice and indicated to the attorneys that a recommendation to that effect would be forthcoming. However, further reflection has led to the conclusion that the court should exercise its discretion and dismiss the case against the remaining defendants without prejudice. It is true that the case has been time consuming and expensive for the parties. However, considering Missouri Pacific's diligence in proceeding with this case, its willingness to seek dismissal and its explanation of its reasons for seeking dismissal, the undersigned is now persuaded that the case should be dismissed without prejudice.

IT IS THEREFORE **RECOMMENDED** that this case be **DISMISSED** without prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 27th day of January, 2000.

/s/ John Wm. Black
John Wm. Black
United States Magistrate Judge